IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHALL LOSKOT,<br><br>      Plaintiff,<br><br>   v.<br><br>SUPER STAR, LLC, a California Limited Liability Company, dba DAYS INN; SHUN LIN CHOW; and DOES ONE to FIFTY, inclusive,<br><br>      Defendants.                    / | No. C 06-7199 CW<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS |

　　Defendants Super Star, LLC, a California Limited Liability Company dba Days Inn and Shun Lin Chow move to dismiss this action for lack of subject matter jurisdiction. Plaintiff Marshall Loskot opposes this motion. The matter is decided on the papers. Having considered all of the papers filed by the parties, the Court denies Defendants' motion.

                              BACKGROUND

　　According to his complaint, Plaintiff is a person with a disability; he is severely limited in the use of his legs and uses a wheelchair. On or about May 30, 2006, he went to the Days Inn in San Bruno, California, to get a room. He alleges that he

1  encountered numerous barriers that interfered with his access to
2  the motel and that these barriers continue to deter him from
3  visiting the motel.
4      On November 30, 2006, he filed his complaint against
5  Defendants, alleging violations of the Americans with Disabilities
6  Act of 1990 (ADA) and California civil rights statutes.  Defendants
7  point out that Plaintiff has filed other complaints alleging ADA
8  violations, at least one of which is almost identical to this
9  complaint and concerns Plaintiff's stay on May 10 and 11, 2006, at
10 Heritage Inn in Concord, California.  Another complaint concerns
11 Plaintiff's stay in February, 2006, at Airport North Travelodge in
12 South San Francisco, California.  Attached to this complaint is a
13 letter he sent to Travelodge requesting that they make repairs and
14 stating that he travels frequently on business and would like to
15 stay at this motel when he is in the area during the spring and
16 summer.
17     On April 10, 2007, Defendants filed this motion to dismiss for
18 lack of subject matter jurisdiction.  Plaintiff included a
19 declaration in support of his opposition to Defendants' motion.
20 The declaration states that Plaintiff is in the business of organic
21 farming and that he makes regular business trips to the Bay Area.
22 In particular, he travels on a regular basis to San Bruno on
23 business and intends to stay at the Days Inn in San Bruno when it
24 is made accessible.  Attached to the declaration is a letter
25 Plaintiff sent to the Days Inn after his stay.  The letter points
26 out barriers to access he encountered and asks that those barriers
27 be remedied.  In addition, Plaintiff states in the letter that he
28

2

travels frequently on business and "would like to stop by again at the Days Inn" when he is in the area.  Loskot Dec., Ex. B.

## LEGAL STANDARD

Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case.  Federal subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears.  Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim.  Fed. R. Civ. P. 12(b)(1).  An action should not be dismissed for lack of subject matter jurisdiction without giving the plaintiff an opportunity to amend unless it is clear that the jurisdictional deficiency cannot be cured by amendment.  May Dep't Store v. Graphic Process Co., 637 F.2d 1211, 1216 (9th Cir. 1980).

A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint.  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).  When "issues of jurisdiction and substance are intertwined," however, a court should not resolve disputed facts; rather, the court should assume the truth  of the allegations in the complaint "unless controverted

3

by undisputed facts in the record." Org. for the Advancement of Minorities with Disabilities v. Brick Oven Restaurant, 406 F. Supp. 2d 1120, 1124-25 (S.D. Cal. 2005) (quoting Roberts, 812 F.2d at 1177). The question of jurisdiction and factual issues are considered intertwined where, as here, the same statute provides the basis for the subject matter jurisdiction and the plaintiff's substantive claim for relief. Id.

## DISCUSSION

Defendants contend that Plaintiff lacks standing, a necessary element of federal court jurisdiction. See City of South Lake Tahoe v. Cal. Tahoe Regional Planning Agency, 625 F.2d 231, 233 (9th Cir. 1980). A plaintiff has the burden of establishing that he or she has standing to raise the claims asserted. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). To establish standing, the plaintiff must establish that he or she has suffered an injury in fact, that the alleged injury is fairly traceable to the challenged action and that judicial relief is likely to redress the injury. Lujan, 504 U.S. at 560-61. An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical." Id.

Further, in the context of the ADA's standing requirement for injunctive relief, a plaintiff must allege that a public accommodation has discriminated against him and that there is a "real or immediate threat" that the defendant will again subject the plaintiff to discrimination. Bird v. Lewis & Clark College, 303 F.3d 1015, 1019 (9th Cir. 2002). The Ninth Circuit explains

4

1 that this can be done by showing that the plaintiff has encountered
2 barriers at a place of public accommodation and that the plaintiff
3 intends to return to the public accommodation in the future.
4 Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1137-38 (9th
5 Cir. 2002). Nonetheless, a mere profession of an intent to return
6 "someday" is "simply not enough" to confer standing. Lujan, 504
7 U.S. at 564. As noted in Lujan, "'Past exposure to illegal conduct
8 does not in itself show a present case or controversy regarding
9 injunctive relief . . . if unaccompanied by any continuing, present
10 adverse effects.'" Id. (quoting City of Los Angeles v. Lyons, 461
11 U.S. 95, 102 (1983)).

12     Defendants argue that the Court may consider and weigh
13 evidence outside Plaintiff's complaint, including that Plaintiff
14 has filed nearly identical lawsuits against at least three
15 different motels in the Bay Area. Their reliance on Gould
16 Electronics, Inc. v. United States, 220 F.3d 169 (3d Cir. 2000),
17 however, is misplaced. Contrary to Defendants' mis-citation, that
18 is not a Ninth Circuit case. This Court remains bound by Roberts,
19 which instructs that the "relatively expansive standards of a
20 12(b)(1) motion are not appropriate for determining jurisdiction in
21 a case like this, where issues of jurisdiction and substance are
22 intertwined." 812 F.2d at 1177. As discussed above, unless
23 controverted by undisputed facts in the record, the Court must
24 assume the truth of the allegations in the complaint.

25     Therefore, Defendants' reliance on D'Lil v. Best Western
26 Encina Lodge & Suites, 415 F. Supp. 2d 1048 (C.D. Cal. 2006), is
27 similarly misplaced. There, after an evidentiary hearing, and
28

**United States District Court**
For the Northern District of California

after examining (1) the proximity of the hotel to the plaintiff's residence, (2) the plaintiff's past patronage of the hotel, (3) the definiteness of the plaintiff's plans to return, and (4) the plaintiff's frequency of travel near the hotel in question, the court concluded that the plaintiff did not establish that, but for the inaccessibility, she was likely to return to the hotel. The court held that the plaintiff did not establish standing to bring her ADA claim. Its decision was based, in part, on its finding that the plaintiff had filed at least six ADA actions against other hotels, presumably declaring that she planned to return to those hotels, and had never returned to those hotels after the cases settled.

At the pleading stage in this case, however, the Court cannot evaluate Plaintiff's credibility; the fact that he has brought at least three law suits against motels in the Bay Area, allegedly planning to return to each of them, is not sufficient to defeat his ability to establish standing. See Molski v. Arby's Huntington Beach, 359 F. Supp. 2d 938, 948 (C.D. Cal. 2005) (noting that the plaintiff's filing of hundreds of ADA lawsuits was not an issue to be evaluated at the pleading stage, but that it may impact his credibility and the believability of his statement that he intends to return to the restaurant he sued). And, at this stage of the litigation, the Court need not evaluate the four factors that the court examined in D'Lil.

Based on the face of the complaint, the Court concludes that Plaintiff has met his burden of establishing that the Court has jurisdiction over his ADA claim and, therefore, has supplemental

6

jurisdiction over his state law claims.  As he notes, and Defendants concede, his intent to return is implied in the complaint.  The credibility of his testimony will be for the trier of fact.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss (Docket No. 8).[1]

IT IS SO ORDERED.

Dated: 6/12/07

CLAUDIA WILKEN
United States District Judge

---

[1] Defendants' Request for Judicial Notice (Docket No. 9) is GRANTED; however, the Court did not consider those documents in reaching its conclusion that, based on the complaint, jurisdiction is lacking.  Plaintiff's objection to Defendants' late filed brief is not well taken.  The Court is required sua sponte to examine jurisdictional issues such as standing regardless of whether they are timely raised by the defendants.  See B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999).